**WESTERN COAL TRAFFIC LEAGUE, Petitioner**

v.

**SURFACE TRANSPORTATION BOARD and United States of America, Respondents**

**Association of American Railroads, Intervenor.**

**No. 07–1064.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 1, 2008.

Robert David Rosenberg, William Lewis Slover, Slover & Loftus, Washington, DC, for Petitioner.

Ellen D. Hanson, Deputy General Counsel, Craig Mitchell Keats, Associate General Counsel, Virginia Strasser, Attorney, Raymond Allen Atkins, John P. Fonte, Attorney, Robert B. Nicholson, Attorney, Washington, DC, for Respondents.

Donald Howard Smith, Sidley Austin LLP, Washington, DC, for Intervenor.

Before: SENTELLE and HENDERSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.

#### *JUDGMENT*

This cause was considered on a petition for review of an order of the Surface Transportation Board ("STB" or "Board") and was briefed and argued by counsel. It is

**ORDERED** and **ADJUDGED** that the petition for review is hereby denied without prejudice to petitioner's right to seek relief under 49 U.S.C. § 722(c) and the regulations implementing this statutory provision.

Petitioner Western Coal Traffic League ("WCTL") seeks review of a STB order setting the 2005 "cost of capital" for the railroad industry. The Board set the after-tax cost of capital for 2005 at 12.2%. This determination "is one component used in evaluating the adequacy of individual railroads' revenues each year" and "may also be used in other regulatory proceedings, including . . . those involving the prescription of maximum reasonable rate levels, the proposed abandonment of rail lines, and the setting of compensation for disputed trackage rights fees." Ex Parte No. 558, *Railroad Cost of Capital—2005* (Sept. 15, 2006), *reprinted in* Joint Appendix ("JA") 4. WCTL challenges the methodology used by the STB as arbitrary or capricious. 5 U.S.C. § 706(2)(A).

Since 1981, the Board has used the "discounted cash flow" ("DCF") method to set the "cost of equity"—one of the components of its yearly cost of capital determination. In its comments to the Board prior to the order under review, WCTL submitted testimony that the DCF method was fundamentally flawed, and proposed the "capital asset pricing model" ("CAPM"), an alternative method for setting the cost of equity. The Board declined to adopt CAPM at that time, and instead set the 2005 cost of equity using the DCF model. However, the Board initiated a second proceeding to investigate its methodology for setting the cost of equity. On January 17, 2008, the Board issued a decision "replac[ing] [the] single-stage Discounted Cash Flow (DCF) model with a Capital Asset Pricing Model (CAPM) to determine the railroad industry's cost of capital." Ex Parte No. 664, *Methodology to Be Employed In Determining the Railroad Industry's Cost of Capital* (Jan. 17, 2008). The STB is currently in the process of setting the 2006 cost of capital based on CAPM.

Notwithstanding the Board's recent action adopting CAPM, petitioner still challenges the STB order insofar as it purports to establish the 2005 cost of capital using the DCF model. During argument before this court, however, counsel for WCTL acknowledged that the question as to whether the Board erred in using the DCF model in setting the after-tax cost of capital for 2005 at 12.2% is now ripe for review pursuant to a petition to reopen under 49 U.S.C. § 722(c) and 49 C.F.R. § 1115.4. These provisions make it clear that any interested party may petition the Board to reconsider an action such as the one here in dispute, and Government counsel conceded as much during oral argument. 49 U.S.C. § 722(c) states:

> The Board may, at any time on its own initiative because of material error, new evidence, or substantially changed circumstances—
>
> (1) reopen a proceeding;
> (2) grant rehearing, reargument, or reconsideration of an action of the Board; or
> (3) change an action of the Board.
>
> An interested party may petition to reopen and reconsider an action of the Board under this subsection under regulations of the Board.

The Board's regulations implementing § 722(c) state:

> A person at any time may file a petition to reopen any administratively final action of the Board. . . . A petition to reopen must state in detail the respects in which the proceeding involves material error, new evidence, or substantially changed circumstances and must include a request that the Board make such a determination.

49 C.F.R. § 1115.4.

Both parties agree that, in light of the January 17, 2008 decision of the Board, replacing the DCF model with CAPM to

determine the railroad industry's cost of capital, WCTL can petition to reopen under § 722(c) and seek a retroactive correction of the 2005 cost of capital determination on grounds of "material error, new evidence, or substantially changed circumstances." We agree. It is appropriate for the Board to consider and decide in the first instance whether the 2005 cost of capital determination should be revised in light of the Board's 2008 decision and the findings accompanying that decision. It is undisputed that any final order rendered by the Board in response to such a § 722(c) petition will be subject to judicial review. We therefore dismiss WCTL's petition without prejudice to its right to seek relief under § 722(c).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R.APP. P. 41(b); D.C. Cir. Rule 41.